Matthew S. Warren (State Bar No. 230565)
Erika H. Warren (State Bar No. 295570)
Madeline A. Woodall (State Bar No. 351664)
2025-02-20@cases.warrenlex.com
WARREN KASH WARREN LLP
2261 Market Street, No. 606
San Francisco, California, 94114
+1 (415) 895-2940
+1 (415) 895-2964 facsimile

*Attorneys for Applicant HMD Global Oy*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE:  *EX PARTE* APPLICATION OF HMD GLOBAL OY FOR AN ORDER UNDER 28 U.S.C. § 1782 TO OBTAIN DISCOVERY FOR USE IN FOREIGN PROCEEDINGS _____ | Case No. <br><br> ***EX PARTE* APPLICATION OF HMD GLOBAL OY FOR AN ORDER UNDER 28 U.S.C. § 1782 TO OBTAIN DISCOVERY FOR USE IN FOREIGN PROCEEDINGS** |

Applicant HMD Global Oy ("HMD") respectfully submits this *ex parte* application for an order under 28 U.S.C. § 1782 to obtain discovery for use in foreign proceedings.  HMD respectfully seeks an order authorizing service of a document subpoena to Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Semiconductor, Inc. (collectively, "Samsung"), including a single request for documents:  "All agreements between you and Huawei, including any agreement concerning the 2019 settlement between you and Huawei referred to on page 11 of the Huawei White Paper entitled "The Foundation of Innovation" (2020), https://www-file.huawei.com/-/media/ CORP2020/pdf/download/Huawei_IPR_White_paper_2020_en.pdf."  Documents responsive to this request are relevant to HMD's defense of pending patent infringement claims asserted by Huawei Technologies Co., Ltd. ("Huawei") against HMD in three actions before the courts in Munich, Germany. In those three actions, HMD argues that Huawei cannot maintain its claims against HMD for injunctive relief, recall, and destruction of allegedly infringing devices, because Huawei failed to provide HMD with proposed license terms that are fair, reasonable and non-discriminatory, or FRAND.  HMD asserts that Huawei provided Samsung with license terms materially better than those it offered HMD, and thus Huawei's proposed terms to HMD could not be FRAND.  To establish this defense, HMD must review the terms found within Huawei's licenses to Samsung.  This application seeks those terms.

This application is supported by the concurrently filed Memorandum of Points and Authorities, Declaration of Matthew S. Warren, Declaration of Andreas von Falck and the proposed subpoena attached as Exhibit A to the Declaration of Matthew S. Warren.

Courts in this District have authorized and accepted *ex parte* applications for orders to obtain discovery under Section 1782.  "Applications brought pursuant to 28 U.S.C. § 1782 typically are considered on an *ex parte* basis, since 'parties will be given adequate notice of any discovery taken pursuant to the request and will then have the opportunity to move to quash the discovery or to participate in it.'"  *In re Qualcomm Inc.*, No. 18-80104, 2018 WL 3845882, at *2 (N.D. Cal. Aug. 13, 2018) (quoting *IPCom GmbH & Co. KG v. Apple Inc.*, 61 F. Supp. 3d 919, 922 (N.D. Cal. 2014)); *see also In re Varian Med. Sys. Int'l AG*, No. 16-80048, 2016 WL 1161568, *2 (N.D. Cal. Mar. 4, 2016)

//

//

Case No. _____

1    ("§ 1782 petitions are regularly reviewed on an *ex parte* basis.").  Nevertheless, HMD conferred with

2    Samsung before filing this application and will serve Samsung with a copy of it immediately after filing.

3    Date:  February 20, 2025                          Respectfully submitted,

4

5                                                                  Matthew S. Warren (State Bar No. 230565)

6                                                                  Erika H. Warren (State Bar No. 295570)
                                                                    Madeline A. Woodall (State Bar No. 351664)

7                                                                  WARREN KASH WARREN LLP

8                                                                  2261 Market Street, No. 606
                                                                    San Francisco, California, 94114

9                                                                  +1 (415) 895-2940
                                                                    +1 (415) 895-2964 facsimile

10                                                                  2025-02-20@cases.warrenlex.com

11                                                                  *Attorneys for HMD Global Oy*

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## TABLE OF CONTENTS

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

BACKGROUND . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

A.    The Parties . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

B.    Standard-Essential Patents and FRAND Obligations . . . . . . . . . . . . . . . . . . . . . . . . 2

C.    Huawei's Infringement Actions Against HMD in Germany, and HMD's Responses . . . . . . . . . 2

D.    Huawei's Patent License Agreements With Samsung and Huawei's FRAND Obligation . . . . . . 3

E.    Despite Their Relevance, Huawei Has Refused to Produce Its Licenses to Samsung . . . . . . . . 3

F.    HMD Cannot Seek These Documents in Germany, but the Courts Will Consider Them . . . . . . . 4

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

I.     HMD's Application Meets the § 1782 Statutory Requirements . . . . . . . . . . . . . . . . . . . . . . 5

       A.    Samsung is Found in This District . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

             1.    Samsung Semiconductor . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

             2.    Samsung Electronics America . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

             3.    Samsung Electronics Co. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

       B.    The Discovery is for Use In a Foreign Proceeding . . . . . . . . . . . . . . . . . . . . . . . . . . 10

       C.    HMD Is An "Interested Person" . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

II.    The *Intel* Discretionary Factors Favor Granting Discovery . . . . . . . . . . . . . . . . . . . . . . . 10

       A.    The German Court May Not Compel Discovery . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

       B.    The German Court Is Not Hostile to This Application . . . . . . . . . . . . . . . . . . . . . . . . 11

       C.    The Application Has Not Been Filed to Circumvent Any Law or Rule . . . . . . . . . . . . . . 12

       D.    The Discovery Requests Are Not Unduly Intrusive or Burdensome . . . . . . . . . . . . . . . . 13

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

# TABLE OF AUTHORITIES

*Cases*                                                                                          **Pages**

*In re Bayerische Motoren Werke AG*,
    No. 19-80272, 2019 WL 5963234 (N.D. Cal. Nov. 13, 2019) . . . . . . . . . . . . . . . . . . . . . . . . 11, 13

*Matter of Canadian Imperial Bank of Com.*,
    No. 24-80070, 2024 WL 3226794 (N.D. Cal. June 27, 2024) . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Consumers' Ass'n v. Defendant*,
    No. 23-80322, 2024 WL 251411 (N.D. Cal. Jan. 23, 2024) . . . . . . . . . . . . . . . . . . . . . 5, 8, 11

*CPC Pat. Techs. Pty Ltd. v. Apple, Inc.*,
    34 F.4th 801 (9th Cir. 2022) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 9

*CPC Pat. Techs. PTY Ltd. v. Apple, Inc.*,
    No. 21-80091, 2023 WL 3579314 (N.D. Cal. Jan. 3, 2023),
    *appeal dismissed*, 119 F.4th 1126 (9th Cir. 2024) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11-12

*Heraeus Kulzer, GmbH v. Biomet, Inc.*,
    633 F.3d 591 (7th Cir. 2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Huawei Techs. Co. Ltd. v. ZTE Corp.*,
    No. C-170/13, ECLI:EU:C:2015:477 (C.J.E.U. June 16, 2015) . . . . . . . . . . . . . . . . . . . . . . . . 2

*In re Illumina Cambridge Ltd.*,
    No. 19-80215, 2019 WL 5811467 (N.D. Cal. Nov. 7, 2019) . . . . . . . . . . . . . . . . . . . . . . . . 11-12

*Intel Corp. v. Advanced Micro Devices, Inc.*,
    542 U.S. 241 (2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 7, 10-13

*Int'l Gamco, Inc. v. Multimedia Games Inc.*,
    2014 WL 12772090 (N.D. Cal. Apr. 10, 2014) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*In re IPCom GMBH & Co. KG*,
    No. 14-80037, 2014 WL 12772090 (N.D. Cal. Apr. 10, 2014) . . . . . . . . . . . . . . . . . . . . 3, 11-13

*Janjua v. Neufeld*,
    933 F.3d 1061 (9th Cir. 2019) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Khrapunov v. Prosyankin*,
    931 F.3d 922 (9th Cir. 2019) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 10

*KlausTech LLC v. Google LLC*,
    No. 20-4459, 2021 WL 5414328 (N.D. Cal. Mar. 9, 2021) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*In re Path Network, Inc.*,
    703 F. Supp. 3d 1046 (N.D. Cal. 2023) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4-5, 10-11

*In re Ex Parte Application of Qualcomm Inc.*,
    162 F. Supp. 3d 1029 (N.D. Cal. 2016) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5-10

# TABLE OF AUTHORITIES
*(continued)*

*Cases*                                                                    **Pages**

*In re Ex Parte Application of Qualcomm Inc.*,
　No. 18-80104, 2018 WL 3845882 (N.D. Cal. Aug. 13, 2018) . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Qualcomm Inc. v. Apple Inc.*,
　No. 24-80019, 2024 WL 536355 (N.D. Cal. Feb. 9, 2024) . . . . . . . . . . . . . . . . . . . . . 5, 8, 11, 13

*In re Rule 45 Subpoenas Issued to Google LLC & LinkedIn Corp. dated July 23, 2020*,
　337 F.R.D. 639 (N.D. Cal. 2020) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6-7, 9-10

*In re SPS I Fundo de Investimento de Acoes - Investimento no Exterior*,
　No. 22-118, 2024 WL 917236 (S.D.N.Y. Mar. 4, 2024) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Stross v. NetEase, Inc.*,
　No. 20-861, 2020 WL 5802419 (C.D. Cal. Aug. 20, 2020) . . . . . . . . . . . . . . . . . . . . . . . . . . 7-8

*In re Todo*,
　No. 22-80248, 2022 WL 4775893 (N.D. Cal. Sept. 30, 2022) . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Uchida v. YouTube, LLC*,
　No. 22-80155, 2022 WL 4923241 (N.D. Cal. Oct. 3, 2022) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*XpertUniverse, Inc. v. Cisco Sys., Inc.*,
　No. 17-3848, 2018 WL 2585436 (N.D. Cal. May 8, 2018) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Statutes & Rules*

28 U.S.C. § 1782. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

*Other Proceedings*

*Consumers' Ass'n v. Defendant*,
　No. 23-80322, Docket No. 66 (N.D. Cal. Feb. 14, 2016) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*In re Ex Parte Application of Qualcomm Inc.*,
　No. 16-80006, Docket No. 1 (N.D. Cal. Jan. 7, 2016) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 9

*In re Ex Parte Application of Qualcomm Inc.*,
　No. 16-80006, Docket No. 11 (N.D. Cal. Jan. 11, 2016) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*In re Ex Parte Application of Qualcomm Inc.*,
　No. 16-80006, Docket No. 13 (N.D. Cal. Jan. 12, 2016) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*In re Ex Parte Application of Qualcomm Inc.*,
　No. 16-80006, Docket No. 16 (N.D. Cal. Jan. 24, 2016) . . . . . . . . . . . . . . . . . . . . . . . . . 6-7, 9-10

*Qualcomm Inc. v. Apple Inc.*,
　No. 24-80019, Docket No. 1 (N.D. Cal. Jan. 26, 2024) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

## TABLE OF AUTHORITIES
*(continued)*

*Other Proceedings* **Pages**

*Qualcomm Inc. v. Apple Inc.*,
No. 24-80019, Docket No. 18 (N.D. Cal. Feb. 16, 2024) . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*In Re Ex Parte Application of Samsung Electronics Co.*,
No. 12-80, Docket No. 7 (S.D. Cal. Jan. 20, 2012) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 12-13

*In Re Ex Parte Application of Samsung Electronics Co.*,
No. 12-80, Docket No. 7-2 (S.D. Cal. Jan. 20, 2012) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*In Re Ex Parte Application of Samsung Electronics Co.*,
No. 12-80, Docket No. 9 (S.D. Cal. Jan. 24, 2012) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12-13

*Seoul Semiconductor Co., Ltd. v. Finelite, Inc.*,
No. 22-2869, Docket No. 81 (N.D. Cal. Jan. 20, 2023) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

## INTRODUCTION

In three actions before courts in Munich, Germany, Huawei alleges that HMD infringes patents essential to the 4G and 5G mobile standards. In response, among other defenses, HMD argues that Huawei has not honored its commitment to license these standard-essential patents on fair, reasonable, and non-discriminatory, or "FRAND" terms. To support this argument, HMD asserts that Huawei, in its recent patent license to Samsung, gave Samsung materially better terms than it offered to HMD. If that is so, then it means that Huawei did *not* offer HMD the required FRAND terms and, under European law, *that* means that Huawei cannot maintain its claims against HMD for injunctive relief, recall, and destruction of allegedly infringing devices. So the terms that Huawei gave Samsung are central to HMD's defense. But there is a snag: although the German courts will consider Huawei's licenses to Samsung if HMD can obtain them, HMD cannot obtain these licenses from the German courts. Hence this application, which seeks to serve a single, narrowly tailored discovery request seeking agreements between Huawei and Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Semiconductor, Inc. HMD's application meets the statutory requirements of 28 U.S.C. § 1782, and the discretionary *Intel* factors support granting the application. HMD respectfully requests that the Court allow HMD to gather this critical evidence by granting this application.

## BACKGROUND

### A.    The Parties

Applicant HMD is a Finnish company with its principal place of business at Bertel Jungin aukio 9,02600, Espoo, Finland. HMD develops, markets, and sells mobile devices across the globe.

Samsung Electronics Co. is a South Korean corporation with its principal place of business at 129 Samsung-ro, Maetan-dong, Yeongtong-gu Suwon-si, Gyeonggi-do 16677. Samsung Electronics America is a New York corporation with its principal place of business at 85 Challenger Road, Ridgefield Park, New Jersey, 07660. Samsung Electronics America is registered to do business in California. Samsung Semiconductor is a California corporation with its principal place of business at 3655 North First Street, San Jose, California, 95134. These entities, collectively "Samsung," are not parties to the German proceedings between Huawei and HMD. *See* Declaration of Andreas von Falck ("von Falck Decl.") ¶ 5.

**B.      Standard-Essential Patents and FRAND Obligations**

Under European law, "actions for a prohibitory injunction or for the recall of products" based on patents essential to a telecommunication standard such as 4G or 5G may "constitute an abuse within the meaning of Article 102" of the Treaty on the Functioning of the European Union, if the holder of the asserted standard-essential patents did not meet obligations set forth by the Court of Justice of the European Union in *Huawei Techs. Co. Ltd v. ZTE Corp.*, No. C-170/13, ECLI:EU:C:2015:477 (C.J.E.U. June 16, 2015).  Under *Huawei v. ZTE*, before filing an infringement action, the holder of a standards-essential patent must first "alert the alleged infringer of the infringement complained about by designating that SEP and specifying the way in which it has been infringed." *Id.* ¶ 61.  Once "the alleged infringer has expressed its willingness to conclude a licensing agreement on FRAND terms," the patentee must present a "specific, written offer for a licence on FRAND terms." *Id.* ¶ 63; *see* von Falck Decl. ¶ 15.  If the patentee fails to make a FRAND offer before filing suit, for example by offering "significantly less favorable" terms than those granted to other comparable licensees, European courts will find the offer to be discriminatory, thus breaching the "ND" portion of "FRAND" (von Falck Decl. ¶ 16), and hold that the patentee "cannot, without infringing Article 102 TFEU, bring an action for a prohibitory injunction or for the recall of products." *Huawei v. ZTE*, No. C-170/13 ¶ 60.

**C.      Huawei's Infringement Actions Against HMD in Germany, and HMD's Responses**

On November 3, 2022, Huawei filed three suits against HMD in the Munich District Court of Munich, Germany, each asserting infringement of a single patent by HMD products using the 4G and 5G mobile standards.  *See* von Falck Decl. ¶¶ 5, 10-11.  Each of these actions seeks, among other things, "a prohibitory injunction" and the "recall of products," and is therefore subject to Huawei's obligation "to grant licences on FRAND terms." *Huawei v. ZTE*, No. C-170/13   59; *see* von Falck Decl. ¶ 5. Germany separates litigation of infringement and validity, and so HMD responded with three nullity actions in Germany's Federal Patent Court.  *See* von Falck Decl. ¶ 12.  HMD also asserted other arguments, including that Huawei had failed to meet its FRAND obligations and thus could not seek "a prohibitory injunction" or "recall of products" under *Huawei v. ZTE*.  *See* von Falck Decl. ¶ 14.

In the courts of first instance, HMD's arguments of non-infringement prevailed regarding two of the three patents asserted by Huawei.  *See* von Falck Decl. ¶ 7.  Huawei appealed both findings, and its

appeals are pending before the Munich Higher Regional Court. *See id.* Huawei's third infringement

action, and HMD's nullity actions, remain pending in the courts of first instance. *See von Falck*

Decl. ¶¶ 9, 12. Although two matters are on appeal to the Munich Higher Regional Court, that does not

mean that the record is closed: the court will consider evidence not asserted in the court of first instance

if, among other reasons, the facts presented were unknown to the presenting party during the first

instance proceedings. *See von Falck Decl.* ¶ 8; *see also, e.g.*, *In re IPCom GMBH & Co. KG*, No.

14-80037, 2014 WL 12772090, at *1 (N.D. Cal. Apr. 10, 2014) (noting that "unlike American appellate

courts, German appellate courts may receive facts on appeal").

**D.    Huawei's Patent License Agreements With Samsung and Huawei's FRAND Obligation**

Huawei has publicly entered into agreements with competitors of HMD, including Samsung. *See*

von Falck Decl. ¶ 20. Huawei has publicly stated that one of its "innovation and IP milestones" includes

reaching "a settlement" with Samsung in 2019 where it "paid Huawei licensing fees" to resolve

"multiple patent infringement lawsuits against each other in China and the United States." HUAWEI

TECHS., CO., THE FOUNDATION OF INNOVATION 11 (2020), https://www-file.huawei.com/-/media/

CORP2020/pdf/download/Huawei_IPR_White_paper_2020_en.pdf. Among other things, HMD seeks

the license agreement underlying this settlement and payment of licensing fees. Huawei's licenses to

HMD's competitors, including Samsung, are central to HMD's FRAND defense. *See supra* § C; von

Falck Decl. ¶ 14. If Huawei offered HMD "significantly less favorable" license terms for its

standard-essential patents than it gave Samsung for the same patents, "[i]n the absence of any apparent

justification," HMD can argue that Huawei breached its "obligation to provide a FRAND offer."

von Falck Decl. ¶ 16. If successful, this argument "would lead to a dismissal of at least Huawei's claims

for injunctive relief, recall and destruction." von Falck Decl. ¶ 17.

**E.    Despite Their Relevance, Huawei Has Refused to Produce Its Licenses to Samsung**

In early 2019, before Huawei filed its complaints alleging patent infringement in the Munich

District Court, HMD and Huawei engaged in licensing discussions concerning the patents at issue in the

German proceedings. *See von Falck Decl.* ¶ 19. In the early stages of these licensing discussions, HMD

requested that Huawei disclose agreements between Huawei and other licensees concerning the patents

at issue or comparable patents to determine whether, and if so, to what extent, HMD would require a

license from Huawei.  *See id.*  Huawei did not provide the requested documents.  *See id.*  Since then, HMD has repeatedly requested these documents from Huawei.  *See id.*

In November 2023, HMD sought to support its FRAND and other defenses using Huawei's license agreements, seeking first production of Huawei's licenses with Qualcomm.  *See* von Falck Decl. ¶ 26.  Instead of producing the requested documents, Huawei filed an application in one of the infringement proceedings for a "production order against itself" under the German Civil Code of Procedure to voluntarily disclose "cherry picked" license agreements between Huawei and parties that cannot be considered HMD's competitors in "the relevant product market."  von Falck Decl. ¶¶ 20-21.  The Munich District Court exercised its discretion to grant Huawei's "request against itself" and issued a production order requiring Huawei to disclose the agreements Huawei volunteered to produce.  *See* von Falck Decl. ¶ 24.  Additionally, the court denied HMD's production request but did not provide a reason for the decision.  *See* von Falck Decl. ¶ 27.  Huawei has persistently refused to make any further disclosures.  *See* von Falck Decl. ¶ 31.  In fact, during the oral arguments in the German proceedings, Huawei's counsel suggested that HMD could obtain Huawei's license agreements by filing a request under 28 U.S.C. § 1782.  *See id.*

**F.    HMD Cannot Seek These Documents in Germany, but the Courts Will Consider Them**

Although Germany does not provide any further mechanism for HMD to seek discovery, *see* von Falck Decl. ¶ 28, if HMD can obtain the documents it seeks through this application, both the Munich District Court hearing one infringement claim and the Munich Higher Regional Court hearing the other two infringement claims will consider them.  *See* von Falck Decl. ¶¶ 8-9, 29-32.

## ARGUMENT

"Section 1782 is the product of congressional efforts, over the span of nearly 150 years, to provide federal-court assistance in gathering evidence for use in foreign tribunals."  *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 (2004).  Over time, Congress has "substantially broadened the scope of assistance federal courts could provide for foreign proceedings."  *Id.* at 247-48.  "Evaluating an application for leave to serve a subpoena under Section 1782 requires a two-part analysis:  (1) the statutory requirements and (2) the discretionary requirements."  *In re Path Network, Inc.*, 703 F. Supp. 3d 1046, 1059 (N.D. Cal. 2023).

Case No. _____

*EX PARTE* APPLICATION OF HMD GLOBAL OY

## I.    HMD's Application Meets the § 1782 Statutory Requirements

A district court may "permit discovery if:  (A) the person from whom the discovery is sought 'resides or is found' in the district of the district court where the application is made; (B) the discovery is 'for use in a proceeding in a foreign or international tribunal;' and (C) the application is made by a foreign or international tribunal or 'any interested person.'"  *Path Network*, 703 F. Supp. 3d at 1059 (quoting *Khrapunov v. Prosyankin*, 931 F.3d 922, 925 (9th Cir. 2019)).  HMD meets these requirements.

### A.    Samsung is Found in This District

Each of the three entities that HMD seeks to subpoena—Samsung Electronics Co., Samsung Electronics America, and Samsung Semiconductor—"resides or is found" in this District.  *Path Network*, 703 F. Supp. 3d at 1059.

#### 1.    Samsung Semiconductor

Samsung Semiconductor resides in this District under § 1782.  *See, e.g., Qualcomm Inc. v. Apple Inc.*, No. 24-80019, 2024 WL 536355, at *2 (N.D. Cal. Feb. 9, 2024).  "A business entity's residency for the purpose of Section 1782 is 'where the business is incorporated, is headquartered, or where it has a principal place of business.'"  *Path Network*, 703 F. Supp. 3d at 1060 (quoting *In re Todo*, No. 22-80248, 2022 WL 4775893, at *2 (N.D. Cal. Sept. 30, 2022)).  Samsung Semiconductor easily meets this test:  it is a California corporation with its principal place of business at 3655 North First Street, San Jose, California, 95135.  This is not controversial; indeed, Samsung Semiconductor routinely reaffirms these points itself.  *See, e.g., Seoul Semiconductor Co., Ltd. v. Finelite, Inc.*, No. 22-2869, Docket No. 81 ¶ 3 (N.D. Cal. Jan. 20, 2023).

#### 2.    Samsung Electronics America

Samsung Electronics America "can be found in this district for the purposes of Section 1782." *Qualcomm v. Apple*, 2024 WL 536355, at *2; *see also Consumers' Ass'n v. Defendant*, No. 23-80322, 2024 WL 251411, at *2 (N.D. Cal. Jan. 23, 2024).  "When applied to corporations, the word 'found' 'may safely be regarded as referring to judicial precedents that equate systematic and continuous local activities with presence.'"  *In re Ex Parte Application of Qualcomm Inc.*, 162 F. Supp. 3d 1029, 1035 (N.D. Cal. 2016).  As this Court has found several times, Samsung Electronics America has such contacts with this District.

Case No. _____

*EX PARTE* APPLICATION OF HMD GLOBAL OY

In 2016, applicant Qualcomm Inc. sought § 1782 discovery in this District from entities including Samsung Electronics America. *Qualcomm*, 162 F. Supp. 3d at 1034. In its application, Qualcomm asserted that Samsung Electronics America "is found within this District." *Qualcomm*, No. 16-80006, Docket No. 1 at 6:16 (N.D. Cal. Jan. 7, 2016). Samsung Electronics America appeared and opposed the application. *Id.*, Docket No. 16 (N.D. Cal. Jan. 24, 2016). In its opposition, Samsung Electronics America acknowledged that it is "registered to do business in California" (*id.* at 9:11), but argued that this "mere fact" is insufficient to establish it "is 'found' in this district." *Id.* at 9:10-12. But the Court agreed with Qualcomm, finding it "clear" that Samsung Electronics America engages in "systematic and continuous activities in this district," including its "registration to do business in California" and the "presence of a Samsung subsidiary in this district." *Qualcomm*, 162 F. Supp. 3d at 1037-38. Thus, "taking the statutory requirements in order, the first factor is satisfied" for Samsung Electronics America, which is "found in this district." *Id.* at 1036.

To the extent Samsung wishes to argue otherwise, it is collaterally estopped from doing so. Collateral estoppel bars re-litigation of issues "when the following four conditions are met: '(1) the issue at stake was identical in both proceedings; (2) the issue was actually litigated and decided in the prior proceedings; (3) there was a full and fair opportunity to litigate the issue; and (4) the issue was necessary to decide the merits.'" *In re Rule 45 Subpoenas Issued to Google LLC & LinkedIn Corp. Dated July 23, 2020*, 337 F.R.D. 639, 647 (N.D. Cal. 2020) (quoting *Janjua v. Neufeld*, 933 F.3d 1061, 1065 (9th Cir. 2019)). The normal rules of collateral estoppel apply to § 1782 cases, just as they do to any other case. *See, e.g.*, *In re SPS I Fundo de Investimento de Acoes - Investimento no Exterior*, No. 22-118, 2024 WL 917236, at *3 (S.D.N.Y. Mar. 4, 2024) ("Intervenors are collaterally estopped from contesting the remaining statutory factors by this Court's prior order finding that both factors are satisfied."). Here, these rules prevent any attempt to relitigate this issue.

*The issue at stake was identical in both proceedings*. This Court previously decided that Samsung Electronics America is "found" in this District for § 1782 purposes. *Qualcomm*, 162 F. Supp. 3d at 1036. HMD's § 1782 application asserts that Samsung Electronics America is "found" in this District under § 1782, the identical "issue at stake." *In re Rule 45 Subpoenas*, 337 F.R.D. at 647.

*EX PARTE* APPLICATION OF HMD GLOBAL OY

*The issue was actually litigated and decided in the prior proceedings.* Samsung Electronics America appeared and opposed Qualcomm's application. *Qualcomm*, No. 16-80006, Docket No. 16 (N.D. Cal. Jan. 24, 2016). This Court acknowledged that Samsung Electronics America "seriously contest[ed] this factor," but nevertheless ruled that Samsung Electronics America is "found" in this District. *Qualcomm*, 162 F. Supp. 3d at 1036. Resolution of a § 1782 application is "dispositive of the federal court proceedings," and therefore subject to appeal. *CPC Pat. Techs. Pty Ltd. v. Apple, Inc.*, 34 F.4th 801, 807 (9th Cir. 2022). But Samsung elected not to do so.

*There was a full and fair opportunity to litigate the issue.* After Samsung Electronics America "received" Qualcomm's § 1782 application, it filed a letter with this Court to confirm that it would file an "opposition to the application, including any jurisdictional defenses." *Qualcomm*, No. 16-80006, Docket No. 11 (N.D. Cal. Jan. 11, 2016). Qualcomm responded, arguing that "Samsung may not oppose Qualcomm's application as a matter of right" and the "Court need not wait for Samsung's opposition before deciding the application." *Id.*, Docket No. 13 (N.D. Cal. Jan. 12, 2016). But the Court did wait, and Samsung Electronics America appeared and opposed the application. *Id.*, Docket No. 16 (N.D. Cal. Jan. 24, 2016). This Court "heard oral argument" on Qualcomm's application. *Qualcomm*, 162 F. Supp. 3d at 1034. The Court acknowledged that Samsung Electronics America "seriously contest[ed] this factor" but agreed with Qualcomm that it is "found" in this District for purposes of § 1782. *Id.* at 1036. HMD's § 1782 application asserts that Samsung Electronics America is "found" in the District for the purposes of § 1782, an issue that Samsung Electronics America had an opportunity to fully and fairly litigate. *In re Rule 45 Subpoenas*, 337 F.R.D. at 647.

*The issue was necessary to decide the merits.* This Court held that "[a]ll three statutory requirements" were "satisfied" as to Samsung Electronics America, *Qualcomm*, 162 F. Supp. 3d at 1038, and went on to consider the discretionary *Intel* factors. *See id.* at 1038-45. Courts may consider the *Intel* factors only if the statutory requirements are met. *See, e.g.*, *Uchida v. YouTube, LLC*, No. 22-80155, 2022 WL 4923241, at *2-3 (N.D. Cal. Oct. 3, 2022). Therefore, whether Samsung Electronics America is "found" in this District was necessarily decided by this Court before reaching the *Intel* factors. *Qualcomm*, 162 F. Supp. 3d at 1036; *see, e.g.*, *Stross v. NetEase, Inc.*, No. 20-861, 2020

WL 5802419, at *9 (C.D. Cal. Aug. 20, 2020) ("the jurisdictional issue was necessary because the district court needed to adjudicate it to decide the merits" of the prior case).[1]

Samsung itself appears to acknowledge the preclusive nature of this decision. In 2024, Qualcomm filed another § 1782 application seeking discovery from entities including Samsung Electronics America. *Qualcomm v. Apple*, 2024 WL 536355, at *1. Qualcomm argued that "this Court determined" that Samsung Electronics America is "'found' in this District for the purposes of § 1782." *Qualcomm v. Apple*, No. 24-80019, Docket No. 1 at 6:2-5 (N.D. Cal. Jan. 26, 2024) (citing *Qualcomm*, 162 F. Supp. 3d at 1036 & *Consumers' Ass'n*, 2024 WL 251411, at *2). This Court granted Qualcomm's application, relying on its 2016 decision, to find Samsung Electronics America has "been found to conduct systematic and continuous local activities in this district." *Qualcomm v. Apple*, 2024 WL 536355, at *2 (citing *Qualcomm*, 162 F. Supp. 3d at 1036).

After the Court granted the application, Qualcomm and Samsung stipulated thirteen times "to extend the motion to quash deadline" to give the parties "additional time to meet and confer in order to explore whether a compromise can be reached that would obviate the need for a motion to quash" the subpoena. *Qualcomm v. Apple*, No. 24-80019, Docket No. 18 at 2:4-6 (N.D. Cal. Feb. 16, 2024); *see also Consumers' Ass'n*, No. 23-80322, Docket No. 66 at 3:24-5:18 (N.D. Cal. Feb. 14, 2025) (consolidated stipulation to extend). But Samsung Electronics America never filed a motion to challenge this Court's finding that it "can be found in this district for the purposes of Section 1782." *See generally Qualcomm v. Apple*, No. 24-80019 (N.D. Cal.); *Consumers' Ass'n*, No. 23-80322 (N.D. Cal.). Nor could it, as Samsung Electronics America is "found in this district" for the purposes of § 1782 based on its "systematic and continuous local activity" in the District. *Qualcomm*, 162 F. Supp. 3d at 1036-38.

---

[1] Even if this Court were to conclude that the previous Court could have considered the *Intel* factors without resolving the statutory requirements, the previous decision would still be "necessary to decide" this issue under the Ninth Circuit rule that "'necessarily decided' in this context means 'only that the court undeniably decided the issue.'" *KlausTech LLC v. Google LLC*, No. 20-4459, 2021 WL 5414328, at *1 (N.D. Cal. Mar. 9, 2021); *see also Int'l Gamco, Inc. v. Multimedia Games Inc.*, 732 F. Supp. 2d 1082, 1091 (S.D. Cal. 2010); *XpertUniverse, Inc. v. Cisco Sys., Inc.*, No. 17-3848, 2018 WL 2585436, at *4 (N.D. Cal. May 8, 2018). The previous Court undeniably decided this issue. *Supra.*

### 3.    Samsung Electronics Co.

Similar to Samsung Electronics America, Samsung Electronics Co. is "found here" for the purposes of § 1782. *Qualcomm*, 162 F. Supp. 3d at 1036. Again, this Court has so found previously. In its 2016 application, Qualcomm also sought discovery under § 1782 from Samsung Electronics Co. and asserted that it "is found within this District," *Qualcomm*, No. 16-80006, Docket No. 1 at 6:16, arguing that Samsung Electronics Co. "has repeatedly availed itself of the jurisdiction of this Court" (*id.* at 6:16-17) and maintains a "wholly owned subsidiary" in this District. *Id.* at 6:27. Again, Samsung Electronics Co. appeared and opposed the application, acknowledging that it has "litigated against Apple, Inc. in this district and has a subsidiary here" but arguing that these "contacts do not constitute 'systematic and continuous' business activities." *Id.*, Docket No. 16 at 2:1-3 (N.D. Cal. Jan. 24, 2016). This Court agreed with Qualcomm, finding that while Samsung Electronics Co. does "not reside here," it "conduct[s] systematic and continuous local activities in this district and thus [is] found here." *Qualcomm*, 162 F. Supp. 3d at 1036. Samsung Electronics Co. did not appeal this ruling. It is therefore collaterally estopped from arguing otherwise, under the same logic as Samsung Electronics America.

*The issue at stake was identical in both proceedings.* This Court previously decided that Samsung Electronics Co. is found in this District under § 1782. *Qualcomm*, 162 F. Supp. 3d at 1036. In this application, HMD asserts that Samsung Electronics Co. is found in this District under § 1782 and thus raises the "identical" issue in "both proceedings." *In re Rule 45 Subpoenas*, 337 F.R.D. at 647.

*The issue was actually litigated and decided in the prior proceedings.* For the same reasons as Samsung Electronics America, *supra*, the Court's decision that the "first factor is satisfied" and Samsung Electronics Co. is "found" in this District for the purposes of § 1782, *Qualcomm*, 162 F. Supp. 3d at 1036, was actually litigated and decided in the prior proceedings. *See supra* at 7. This Court acknowledged that Samsung Electronics Co. "seriously contest[ed] this factor," but nevertheless ruled that Samsung Electronics Co. is "found" in this District. *Qualcomm*, 162 F. Supp. 3d at 1036. Resolution of a § 1782 application is "dispositive of the federal court proceedings," and therefore subject to appeal. *CPC*, 34 F.4th at 807. But Samsung elected not to do so.

*There was a full and fair opportunity to litigate the issue.* For the same reasons as Samsung Electronics America, *supra*, Samsung Electronics Co. had a full and fair opportunity to litigate whether

it is "found" in this District for the purposes of § 1782. *Qualcomm*, 162 F. Supp. 3d at 1036; *see supra* at 7. The Court acknowledged that Samsung Electronics Co. "seriously contest[ed] this factor" but agreed with Qualcomm that it is "found" in this District for purposes of § 1782. *Id.* at 1036. HMD's § 1782 application asserts that Samsung Electronics Co. is "found" in the District for the purposes of § 1782, an issue that Samsung Electronics Co. had an opportunity to fully and fairly litigate. *In re Rule 45 Subpoenas*, 337 F.R.D. at 647.

*The issue was necessary to decide the merits*. For the same reasons as Samsung Electronics America, *supra*, the Court's decision that "[a]ll three statutory requirements" were "satisfied" as to Samsung Electronics Co., *Qualcomm*, 162 F. Supp. 3d at 1038, was necessary to its decision. *See supra* at 7-8.

### B.    The Discovery is for Use In a Foreign Proceeding

HMD seeks discovery for use in proceedings "in a foreign or international tribunal," or three of them: Huawei's patent infringement suits pending before the Munich District Court and the Munich Higher Regional Court. *Khrapunov*, 931 F.3d at 925 (quoting 28 U.S.C. § 1782(a)). Document requests for use in "patent infringement suits pending in the District Courts in Munich and Mannheim, Germany" are "discovery for use in proceedings before a foreign tribunal." *In re Ex Parte Application of Qualcomm Inc.*, No. 18-80104, 2018 WL 3845882, at *2 (N.D. Cal. Aug. 13, 2018).

### C.    HMD Is An "Interested Person"

Named "litigants in the foreign proceeding," such as HMD, are "prototypical interested persons" under § 1782. *Path Network*, 703 F. Supp. 3d at 1062; *see* von Falck Decl. ¶ 5; *see, e.g.*, *In re Ex Parte Application of Samsung Electronics Co., Ltd.*, No. 12-80, Docket No. 7 at 6:14-17 (S.D. Cal. Jan. 20, 2012). Thus, there is "no doubt" that HMD qualifies as an "interested person" under § 1782. *Intel*, 542 U.S. at 256.

## II.    The *Intel* Discretionary Factors Favor Granting Discovery

Although HMD satisfies the statutory requirements of 28 U.S.C. § 1782, "[s]imply because the Court has the authority to grant" an application under § 1782, "does not mean that it is required to do so." *Qualcomm*, 2018 WL 3845882, at *2. "In determining whether judicial assistance under § 1782 is appropriate, the Court must consider the additional *Intel* factors." *Id.* Those factors are

(A) whether the "person from whom discovery is sought is a participant in the foreign proceeding;" (B) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal court judicial assistance;" (C) whether the request "conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States;" and (D) whether the request is "unduly intrusive or burdensome."

*Path Network*, 703 F. Supp. 3d at 1059 (quoting *Intel*, 542 U.S. at 264-65); *see also Qualcomm v. Apple*, 2024 WL 536355, at *2.  The *Intel* factors further favor granting HMD's application.

### A.  The German Court May Not Compel Discovery

The first *Intel* factor "weighs in favor of granting the application" where the applicant seeks discovery from an entity that is "not a party to the foreign proceedings."  *Matter of Canadian Imperial Bank of Com.*, No. 24-80070, 2024 WL 3226794, at *2 (N.D. Cal. June 27, 2024).  "Most civil-law systems lack procedures analogous to the pretrial discovery regime operative under the Federal Rules of Civil Procedure" and discovery procedures are "generally more restricted, or nonexistent."  *Intel*, 542 U.S. at 261 n.12; *see also Qualcomm v. Apple*, 2024 WL 536355, at *2 ("the Samsung Entities are not parties in the U.K. Class Action and are not domiciled in the U.K.; therefore, the Tribunal would be unable to compel production of discovery without the aid of Section 1782.");  *Consumers' Ass'n*, 2024 WL 251411, at *2; *In re Illumina Cambridge Ltd.*, No. 19-80215, 2019 WL 5811467, at *4 (N.D. Cal. Nov. 7, 2019).  This factor supports HMD's application.

### B.  The German Court Is Not Hostile to This Application

The second *Intel* factor "weighs in favor of authorizing service of the subpoenas" where, as here, the applicant "represents that German courts have been receptive in other matters to assistance in discovery from the United States" and there is no "evidence that German courts would object" to the "discovery of the information sought in the subpoenas, or that they object more generally to the judicial assistance of the U.S. federal courts."  *In re Bayerische Motoren Werke AG*, No. 19-80272, 2019 WL 5963234, at *4 (N.D. Cal. Nov. 13, 2019); *see* von Falck Decl. ¶ 32.  If HMD can obtain Huawei's licenses to Samsung, the German courts will consider their terms.  *See supra* § F; *see, e.g.*, *BMW*, 2019 WL 5963234, at *4; *IPCom*, 2014 WL 12772090, at *1 n.5, *3.  "Many other courts" in this District "have held that Germany is receptive to judicial assistance from a federal court."  *CPC Pat. Techs. PTY Ltd. v. Apple, Inc.*, No. 21-80091, 2023 WL 3579314, at *4 (N.D. Cal. Jan. 3, 2023), *appeal dismissed*,

119 F.4th 1126 (9th Cir. 2024); *see, e.g.*, *Illumina*, 2019 WL 5811467, at *4; *Samsung*, No. 12-80, Docket No. 7 at 7:12-13, n.4.  This factor supports HMD's application.

### C.    The Application Has Not Been Filed to Circumvent Any Law or Rule

"The third *Intel* factor weighs in favor of discovery unless the applicant is attempting to circumvent the foreign country's proof-gathering restrictions." *Illumina*, 2019 WL 5811467, at *5. "The fact that more evidence may be obtained via a section 1782 application than via the foreign discovery procedures does not amount to circumvention and does not militate against approval of the application." *Id.*  Instead, where an applicant seeks information German courts will review, "there is no circumvention because 'U.S. courts have routinely granted applications under Section 1782 for discovery of evidence to be used in German proceedings.'"  *Id.* (quoting *IPCom*, 2014 WL 12772090, at *3); *see Heraeus Kulzer, GmbH v. Biomet, Inc.*, 633 F.3d 591, 597 (7th Cir. 2011) (reversing denial of § 1782 application after finding error in District Court's conclusion that applicant "was seeking to circumvent German law").  Samsung itself has benefited from this rule.  In 2012, Samsung used § 1782 to seek documents, including "Qualcomm's supply agreements" covering "specific chipsets" and "correspondence with Apple related to those agreements," *Samsung*, No. 12-80, Docket No. 7 at 8:2-4, for use in patent litigation concerning standard-essential patents across nine jurisdictions, including proceedings "pending in the Mannheim Regional Court, Mannheim, Germany."  *Id.* at 3:13-15.  In discussing the third *Intel* factor, Samsung argued that it "favors Samsung because Samsung is not aware of any restrictions on proof-gathering procedures that would prohibit obtaining the discovery it seeks through section 1782."  *Id.* at 7:15-17.  Samsung relied on Apple's application to obtain discovery from Qualcomm where "neither the Court nor Apple identified any such restrictions in connection with Apple's 1782 Application, which sought similar documents from Qualcomm to be used in the same foreign tribunals" *Id.* at 7:17-20.  The Court granted the application.  *Id.*, Docket No. 9 (S.D. Cal. Jan. 24, 2012).  Like Samsung, HMD has not identified restrictions that would restrict § 1782 discovery under German law and expects the German courts to consider the evidence it gathers.  *See supra* § F. This factor supports HMD's application.

**D.      The Discovery Requests Are Not Unduly Intrusive or Burdensome**

The "fourth *Intel* factor favors granting" a request that is "narrowly tailored to documents directly relevant to the" foreign litigation. *Qualcomm v. Apple*, 2024 WL 536355, at *3.  HMD's single request is the opposite of unduly burdensome, seeking only "All agreements between you and Huawei, including any agreement concerning the 2019 settlement between you and Huawei referred to on page 11 of the Huawei White Paper entitled "The Foundation of Innovation" (2020), https://www-file.huawei .com/-/media/CORP2020/pdf/download/Huawei_IPR_White_paper_2020_en.pdf."  This discrete set of documents, likely found together in either physical or virtual storage, are highly relevant to earlier litigation in this District and are easy to find, avoiding any burden on Samsung.  Samsung has previously confirmed that requests of this scope are not burdensome.  In 2012, Samsung Electronics Co. filed a § 1782 application seeking "copies of Qualcomm's supply agreements with respect to the specific chipsets at issue" in the foreign proceedings, *Samsung*, No. 12-80, Docket No. 7 at 8:3-4, "correspondence with Apple related to those agreements," *id.* at 8:4, and "limited, specific portions of the source code used in Qualcomm's chipsets that were incorporated into the iPhone 4S," *id.* at 8:6-7, "related to the 'ETSI 3GPP Technical Specification.'"  *Id.*, Docket No. 7-2 at 2:8-9 (S.D. Cal. Jan. 20, 2012).  Samsung argued that the "universe of responsive documents should be relatively small and not unduly burdensome, particularly for a company with Qualcomm's resources." *Id.*, Docket No. 7 at 8:9-10.  The Court granted Samsung's application. *Id.*, Docket No. 9 (S.D. Cal. Jan. 24, 2012). HMD's request here is much narrower than Samsung's in 2012, as it seeks only "agreements" and does not include the additional request for source code or communications regarding those agreements, which would require searching outside the defined set of executed agreements that companies generally maintain in a central location.  This Court has previously ruled that similar requests or even broader requests are not burdensome.  *See, e.g.*, *Qualcomm v. Apple*, 2024 WL 536355, at *3; *BMW*, 2019 WL 5963234, at *1, *5; *IPCom*, 2014 WL 12772090, at *3.  This factor, too, favors HMD's application.

## <u>CONCLUSION</u>

HMD has satisfied the statutory requirements of 28 U.S.C. § 1782 and established that this Court should exercise its discretion to grant this application and enter an Order under 28 U.S.C. § 1782

authorizing HMD to serve Samsung with the subpoena attached as Exhibit A to the Declaration of Matthew S. Warren.  For all the foregoing reasons, the Court should grant HMD's application.

Date:  February 20, 2025                    Respectfully submitted,

Matthew S. Warren (State Bar No. 230565)
Erika H. Warren (State Bar No. 295570)
Madeline A. Woodall (State Bar No. 351664)
WARREN KASH WARREN LLP
2261 Market Street, No. 606
San Francisco, California, 94114
+1 (415) 895-2940
+1 (415) 895-2964 facsimile
2025-02-20@cases.warrenlex.com

*Attorneys for HMD Global Oy*